**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Reginald P. Burgess,**

**Plaintiff,**

**v.**

**Peninsula Marina LLC, a Delaware limited liability corporation, Glenborough Realty Trust, Inc., a Delaware corporation, and Does, 1 to 100**

**Defendants.**

**Civil No. 01-1276 (JMR/SRN)**

**REPORT AND RECOMMENDATION**

---

Reginald P. Burgess, *pro se* Plaintiff.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on January 31, 2002, on Plaintiff's Motion for Temporary Restraining Order (Doc. No. 2) and Plaintiff's Request to Take Judicial Notice and Exparte Motion for Leave to File Exhibits in "E-Format" along with Amended Complaint (Doc. No. 5).

This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, this Court recommends both that Plaintiff's Motion for Temporary Restraining Order be denied, and that the present suit be dismissed.

## I. PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER.

### A. Factual Background.

JAN 31 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

On July 16, 2001, Plaintiff filed a Complaint,[1] alleging, *inter alia*, violations of the Fair Housing Act, 42 U.S.C. §§ 3617 et *seq*., Racketeer and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq*., racial discrimination in contract under 42 U.S.C. § 1981, and deprivation of constitutional rights under 42 U.S.C. § 1983 in connection with Defendants' planned development of the Peninsula Marina in Redwood City, California, where Plaintiff formerly resided, and wishes again to reside.

On January 18, 2001, Defendants announced their intention to build a development complex on the land where the Peninsula Marina is now located. The planned development required current tenants of the marina to have vacated the premises by May 31, 2001. Plaintiff claims that Defendants' conduct violates his marina housing contract, and that Defendants' conduct is motivated by racial discrimination and an intent to interfere with his housing rights. Plaintiff also alleges that Defendants have acted collectively as an enterprise to defraud Plaintiff, thus constituting unlawful racketeering activity in violation of RICO.

**B. <u>Plaintiff's Previous Cases.</u>**

Plaintiff has filed nearly identical lawsuits in this district twice previously. On May 23, 2001, in Civil No. 01-897, Plaintiff filed a Complaint naming Peninsula Marina[2], Does 1 to 100 and various other individuals as defendants. On May 30, 2001, in Civil No. 01-956, Plaintiff

---

[1]To date, Plaintiff has not served the Complaint on Defendants. He has assured the Court, however, that he intends to serve Defendants, and that he does not wish to have the suit voluntarily dismissed.

[2]In the caption to the May 23, 2001 Complaint, Plaintiff names the first defendant: "Peninsula Marina LLC (Glenborough) a California limited liability corporation." In the caption to the present Complaint, he names the first two defendants: "Peninsula Marina LLC, a Delaware limited liability corporation," and "Glenborough Realty Trust Inc., a Delaware corporation."

filed a Complaint naming Peninsula Marina, Glenborough Realty Trust, and Does 1 to 100 as defendants.

In the latter case, Plaintiff filed a notice of dismissal, and on August 8, 2001, the case was dismissed by the Honorable Ann D. Montgomery, Judge for the United States District Court for the District of Minnesota. (Civil No. 01-956, Doc. No. 51). On October 1, 2001, Judge Montgomery also denied Plaintiff's "Motion for Retention Order or Re-open Under FRCP 60(b)."

In the former case, the Honorable John R. Tunheim, Judge for the United States District Court for the District of Minnesota, determined that Plaintiff had failed to demonstrate a *prima facie* case of personal jurisdiction over the defendants, as defined in Clune v. Alimak, 233 F.3d 538, 541 (8th Cir. 2001). Judge Tunheim also determined that venue was not proper, pursuant to 28 U.S.C. § 1391(b).[3] Consequently, on May 30, 2001, the case was dismissed without prejudice. (Civil No. 897, Doc. No. 12.) On July 19, 2001, Judge Tunheim dismissed Plaintiff's "emergency ex parte motion to re-open case pursuant to rule 60(b)." (Civil No. 897, Doc. No. 19.) Plaintiff appealed both of these rulings. On October 29, 2001, the United States Court of Appeals for the Eighth Circuit (Eighth Circuit) affirmed both of these rulings. The Eighth Circuit also denied Plaintiff's then pending motion for a temporary restraining order.

**C. Discussion.**

Although Plaintiff has now moved out of the marina, there have been no other relevant changes in the status of any of the parties involved in the present suit. While Plaintiff stated in

---

[3]Judge Tunheim made this ruling after hearing arguments from both sides on the personal jurisdiction and venue issues.

his Complaint that Judge Tunheim's rulings were currently on appeal, that is no longer the case. Instead, the Eighth Circuit has affirmed those rulings. Consequently, the Court concludes that Plaintiff should be collaterally estopped from relitigating the issues of personal jurisdiction and venue. See Restatement (Second) of Judgments § 20, cmt. b illus. 1 (1982) (valid final judgment for lack of jurisdiction or improper venue does not bar relitigation of the claim, but does bar relitigation of the issues actually litigated). As a result, the Court recommends that the present suit be dismissed, and that Plaintiff's Motion for Temporary Restraining Order, and Plaintiff's Request to Take Judicial Notice and Exparte Motion for Leave to File Exhibits in "E-Format" along with Amended Complaint be denied.

Based upon the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

(1) Plaintiff's Motion for Temporary Restraining Order (Doc. No. 2) be **DENIED**;

(2) Plaintiff's Request to Take Judicial Notice and Exparte Motion for Leave to File Exhibits in "E-Format" along with Amended Complaint (Doc. No. 5) be **DENIED**;

(3) Plaintiff's lawsuit be **DISMISSED**.

Dated: January 31, 2002.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by

filing with the Clerk of Court, and serving all parties by February 10, 2002, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.